UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHAD S. WILLIAMS,

                                        Plaintiff,

    vs.                                                                6:26-cv-338
                                                                        (MAD/DJS)
HON. BARBER J. HOUSER, *Trustee of the*
*Boy Scouts of America Settlement Trust*,

                                        Defendant.

_____

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Chad S. Williams commenced this action on March 2, 2026, asserting a claim under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments against Defendant Hon. Barber J. Houser.  *See* Dkt. No. 1 at ¶ 3-4.  On March 26, 2026, Plaintiff filed a letter motion requesting court-appointed counsel and transfer of this matter to "the State of Delaware" (hereinafter, the "Motion for Counsel and to Transfer").  Dkt. No. 5 at ¶¶ 1-2.  On March 30, 2026, Magistrate Judge Daniel J. Stewart granted Plaintiff's motion to proceed *in forma pauperis*, *see* Dkt. No. 6, and issued a Report-Recommendation and Order, which recommends that this Court dismiss Plaintiff's complaint without prejudice and with leave to amend, *see* Dkt. No. 7 at 3-7.  In the same Report-Recommendation and Order, Magistrate Judge Stewart denied Plaintiff's Motion for Counsel and to Transfer.  *See id.* at 7-8.  Plaintiff did not file objections to any portion of the Report-Recommendation and Order.

"The standard of review for a magistrate judge's order depends on whether the order is dispositive.  When reviewing a dispositive order, 'a judge of the court shall make a *de novo*

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quoting 28 U.S.C. § 636(b)(1)) (internal citations omitted).  When a party declines to file objections, the district court reviews a magistrate judge's recommendations for clear error.  *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012) (citation and footnote omitted).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

As Plaintiff has not filed objections to the Report-Recommendation and Order, this Court reviews Magistrate Judge Stewart's recommendations for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  Thus, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, the Court finds no clear error in the Report-Recommendation and Order.  Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  *See* Dkt. No. 7 at 2-8.  Indeed, as discussed in the Report-Recommendation and Order, the complaint fails to satisfy the applicable pleading

standards contemplated by Rule 8 of the Federal Rules of Civil Procedure and fails to sufficiently allege that Defendant is a state actor, as required to bring a claim under Section 1983. *See id.* at 3-7. First, the Court agrees that the complaint violates the requirements of Rule 8 because it "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995). And, second, the Court agrees that the complaint fails to allege any facts that could be construed as supporting a basis for a finding that Defendant—a private citizen—is a state actor. *See Anilao v. Spota*, 774 F. Supp. 2d 457, 497-98 (E.D.N.Y. 2011), *aff'd*, 27 F.4th 855 (2d Cir. 2022) (explaining "[i]t is axiomatic that private citizens and entities are not generally subject to Section 1983 liability" and describing how the actions of a private entity may be found attributable to the state) (citations omitted).

The Court also finds no clear error in Magistrate Judge Stewart's recommendation that Plaintiff be permitted an opportunity to amend. *See id.* at 6-7. If Plaintiff files an amended complaint, it must be a wholly-integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 118-19 (N.D.N.Y. 2023).[1]

As a final matter, the Court need not review Magistrate Judge Stewart's order denying the Motion for Counsel and to Transfer. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72 of the Federal Rules of Civil Procedure, a magistrate judge has authority to decide non-dispositive pretrial motions. Motions for appointment of counsel and to transfer venue are nondispositive and are, therefore, within the scope of a magistrate judge's jurisdiction. *See In re Radioshack*

---

[1] Plaintiff is also advised to carefully review and comply with Magistrate Judge Stewart's directions regarding amendment on pages six and seven of the Report-Recommendation and Order. *See* Dkt. No. 7 at 6-7.

*Corp.*, No. 15-10197, 2016 WL 6405576, *1 n.1 (W.D.N.Y. Oct. 31, 2016) (discussing magistrate judge's authority to decide a motion to transfer venue) (collecting cases); *Griffin o/b/o C.T.M. v. Syracuse City Sch. Dist.*, No. 5:24-CV-1044, 2024 WL 4198371, *4 n.8 (N.D.N.Y. Sept. 16, 2024), *R&R adopted*, 2024 WL 4694109 (N.D.N.Y. Nov. 6, 2024) ("Ordinarily, motions to appoint counsel fall within the scope of the magistrate judges' jurisdiction, due to their nondispositive nature") (citing 28 U.S.C. § 636(b)(1)(A)).

"'The Court is not required to review any [nondispositive] portion of a magistrate judge's report that is not the subject of an objection.'" *Toussie v. Allstate Ins. Co.*, No. 1:15-CV-5235, 2019 WL 2082462, *3 (E.D.N.Y. May 13, 2019) (quoting *Cardell Fin. Corp. v. Suchodolski Assocs.*, 896 F. Supp. 2d 320, 324 (S.D.N.Y. 2012)); *see Kilcullen v. N.Y. State Dep't of Transp.*, 55 Fed. Appx. 583, 585 (2d Cir. 2003) (summary order) ("[F]ailure to object to a magistrate judge's ruling with respect to a non-dispositive motion forfeits the right to any further review of that decision, either by the district court or on appeal").  As Plaintiff did file objections to the Report-Recommendation and Order, and the time to file objections has lapsed, Plaintiff is not entitled to any review of Magistrate Judge Stewart's denial of the Motion for Counsel and to Transfer.  *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [nondispositive] order not timely objected to"); *see also Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, 205 Fed. Appx. 858, 860 (2d Cir. 2006) (summary order) ("Because [the magistrate judge's] order was not dispositive of a claim or defense of a party, it was effective and binding when issued") (citing 28 U.S.C. § 636).

In any event, this Court would uphold the denial of the Motion for Counsel and to Transfer because Magistrate Judge Stewart is correct that Plainitff has failed to demonstrate that

4

Delaware is a proper venue and has not met the requirements for appointment of pro bono counsel in this civil matter, at this time. *See* Dkt. No. 7 at 7-8.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint, if any, within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this Order, the Clerk of the Court is respectfully directed to enter judgment against Plaintiff and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 13, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge